UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NAYIBIS GARZON | CASE NO. 6:26-CV-00016 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WARDEN SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

## ORDER

Petitioner Nayibis Garzon moves the Court for a temporary restraining order ("TRO") and preliminary injunction that would restrain Respondents "from removing Petitioner from the United States and transferring her outside the Western District of Louisiana during the pendency of the Petitioner's petition for habeas corpus," which is presently pending before this Court.[1]

Petitioner is a native and citizen of Cuba and Venezuela, who challenges her detention by Respondents.[2] Petitioner entered the United States of America on October 22, 2001, on a nonimmigrant B2 visitor's visa. In 2006, she filed an application for adjustment of status, which was denied by the United States Citizenship and Immigration Service. On April 5, 2012, an Immigration Judge denied Petitioner's application for adjustment of status and found her removable under 8 U.S.C. § 1227(a)(1)(B) and (a)(1)(A). The Board of Immigration Appeals ("BIA") dismissed her appeal on June 25, 2013, at which point the order of removal became final.[3] On December 10, 2013, Petitioner was released on an order of supervision.[4] Since that time, Petitioner has complied with all requirements of her order of supervision.[5] On December 18, 2025,

---

[1] ECF No. 5-1 at 1-2.
[2] ECF No. 1 at 2.
[3] *Id.* at 2, 9.
[4] *Id.* at 2.
[5] *Id.* at 9.

at the request of U.S. Immigration and Customs Enforcement ("ICE"), Petitioner appeared at ICE facilities to calibrate her ankle monitor and was detained by ICE.[6] Petitioner filed her Verified Petition for Writ of Habeas Corpus and Emergency Relief on January 3, 2026. Two days later, Petitioner filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the Court denied because the preliminary relief sought mirrored the ultimate relief requested in the habeas petition; the Court further stated the case would proceed in due course as a habeas action.[7]

After issuance of the Court's Order denying a TRO, Petitioner alleges the following events occurred:

> ICE agents removed Petitioner from her housing unit and placed her in a closed room. She was informed that she could not leave unless she signed documents. Those documents were presented as authorizing or facilitating removal to Mexico, despite the fact that Petitioner is a national of Venezuela and Cuba, not Mexico. Petitioner was represented by counsel at that time, but ICE did not notify counsel or permit consultation. Under these circumstances, Petitioner signed the documents.
>
> Immediately thereafter, ICE transferred Petitioner out of state without notice to counsel or the Court. Until January 11, 2026, counsel did not know Petitioner's location. Counsel has since confirmed that Petitioner is detained at ERO El Paso Camp East Montana in El Paso Texas.
>
> These post-filing custodial actions create an imminent risk that Respondents will rely on disputed, allegedly coerced paperwork or continued transfers to moot this Court's jurisdiction before the habeas petition can be adjudicated.[8]

In light of the forgoing, Petitioner again moves for injunctive relief to prevent Respondents from removing her from the United States and from "transferring her outside of the Western District of Louisiana" until her habeas petition is adjudicated.[9]

---

[6] *Id.* at 10. Petitioner was not required to wear an ankle monitor until August 2025. *Id.* at 9. The reason for this new condition is not stated.
[7] ECF Nos. 3, 5.
[8] ECF No. 5-2 at 2–3 (citations omitted).
[9] ECF No. 5-1 at 1–2. As Petitioner has already been transferred outside of this District, presumably Petitioner additionally seeks an order requiring her transfer back to this District.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest.[10] The decision of whether to grant or deny a TRO lies in the district court's discretion.[11] Relevant here, Title 8, United States Code, Section 1252(f) provides that "[n]otwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." 8 U.S.C. § 1252(f)(2).

Title 8, United States Code, Section 1252(g) provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Here, Petitioner's request to enjoin her removal from the United States is a direct challenge to the Executive Branch's decision to "execute [a] removal order[]." Because the Court lacks jurisdiction to hear a challenge to Respondents' execution of Petitioner's removal from the United States, she has not shown a likelihood of success on the merits for her request to enjoin her removal. Accordingly, the motion for a temporary restraining order will be denied. However, the Court will expedite the adjudication of the habeas petition.

---

[10] See *Misquitta v. Warden Pine Prairie ICE Processing Center*, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). Although Petitioner argues the injunction should be granted pursuant to the All Writs Act, 28 U.S.C. § 1651, or in the alternative, Fed. R. Civ. P. 65, the Court finds Rule 65 is the appropriate avenue for relief. *See e.g. Florida Medical Ass'n, Inc. v. U.S. Dept. f Health, Ed. and Welfare*, 601 F.2d 199, 202–03 (5th Cir. 1979).
[11] See *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017).

For the reasons set forth,

IT IS HEREBY ORDERED that the Motion for Injunctive Relief [ECF No. 5] is DENIED.

IT IS FURTHER ORDERED that the Government shall respond to the Petition for Habeas Corpus [ECF No. 1] on or before Thursday, January 15, 2026.

THUS DONE in Chambers on this 12Th day of January, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE